IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Diana Lee Christian,<br><br>                Plaintiff,<br>   vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br><br>                Defendant. | Civil Action No. 9:17-cv-1514-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed July 25, 2018, recommends the decision of the Commissioner be affirmed. ECF No. 16. On August 17, 2018, Plaintiff filed objections to the Report. ECF No. 20. On August 29, 2018, the Commissioner filed a response to Plaintiff's objections. ECF No. 21. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

**<u>Standard</u>**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

2

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for DIB on November 2, 2013, alleging disability as of January 16, 2013 due to pseudotumor cerebri, plantar fasciitis, herniated lumbar disks, neck problems, and osteoarthritis. R[2]. at 23, 25, 219. Plaintiff's application was denied initially and upon reconsideration. On August 23, 2016, a hearing was held before an Administrative Law Judge ("ALJ").[3] On October 7, 2016, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act from the alleged onset date through the date of decision. Plaintiff requested review by the Appeals Council, which was denied, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action June 9, 2017. ECF No. 1.

---

[2] Citations to the Record are denoted by "R."

[3] Plaintiff amended her alleged onset date to January 1, 2014 at her hearing. R. at 43.

3

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision. Plaintiff objects to the Report, arguing: (1) the ALJ erred in failing to consider or account for Plaintiff's regular headaches, back problems, and difficulty with activities of daily living in formulating her RFC; and (2) the ALJ erred in discounting the opinion evidence from Dr. Baker. ECF No. 20. The Commissioner argues Plaintiff's objections essentially rehash arguments made in her brief before the Magistrate Judge, and requests the court adopt the Report. ECF No. 21.

*1) RFC*

Plaintiff objects to the ALJ's purported failure to consider her headaches when formulating her RFC. However, the court agrees with the Magistrate Judge the ALJ clearly considered Plaintiff's pseudotumor cerebri a severe impairment, and detailed medical records including complaints of and treatment for headaches. At the hearing, the ALJ specifically questioned Plaintiff about the headaches she had as a result of her pseudotumor cerebri, or idiopathic intracranial hypertension ("IIH"):

> Q: [W]hat problems do you have as a result of that – of the IIH?
> A: Head pain, nausea, dizzy, blurred vision. Sometimes I have a problem with the way I walk and some memory issues . . .
> Q: When did you start having these problems you've just described to me?
> A: Symptoms started in 2013 with memory loss and headaches. I, I also had migraines and this head pain was different from a regular migraine.
> Q: How did it differ?
> A: It hurt more. And it just – it didn't have the same sensational feelings that the migraines had.

R. at 58. Later in the hearing, Plaintiff's attorney asked her about how often she has migraines each month, and Plaintiff answered "probably two or three a week." R. at 71.

In the opinion, the ALJ considered the pseudotumor cerebri as a severe impairment, and specifically noted she "considered all symptoms," including headaches, when formulating Plaintiff's RFC. R. at 25 (pseudotumor cerebri is a severe impairment), 27 (Plaintiff's RFC, formulated by "consider[ing] all symptoms"), 28 (medical evidence of record reflects history of headaches, among other ailments). The ALJ specifically considered several medical records discussing Plaintiff's headaches, including an overnight hospitalization at MUSC and treatment notes regarding IIH and migraines. R. at 30. The court finds the ALJ appropriately considered Plaintiff's pseudotumor cerebri and migraine headaches in formulating her RFC. This objection is overruled.

Plaintiff also argues her back impairments were not properly considered in the RFC, as it was "significant enough for her doctors to perform lumbar fusion surgery" and she would not have the ability to walk for six hours a day as required by light work. ECF No. 20 at 3. As with Plaintiff's headaches above, the ALJ considered degenerative disc disease of the cervical and lumbar spine as a severe impairment but found the "degree of severity lack[ed] support and consistency with the other evidence of record," as Plaintiff was able to be treated "primarily with medications and surgical intervention." R. at 30. The court agrees with the Magistrate Judge the ALJ made appropriate postural adjustments and included the use of a cane to take Plaintiff's back impairments into account when formulating the RFC.

5

Finally, Plaintiff objects to the ALJ's use of her "array of activities" to "increase a claimant's RFC" and show Plaintiff is capable of full-time employment.[4] ECF No. 20 at 4. Plaintiff contends the ALJ did not "explain how these activities equate to the ability to perform full-time work." *Id.* However, the ALJ did not rely solely on Plaintiff's activities to justify her RFC, but treated them as inconsistent with Plaintiff's "allegations of total debility" and one piece of evidence showing she is capable of the RFC assigned. R. at 30-31. Combined with the totality of the evidence, the court agrees with the Magistrate Judge this was not error.

*2) Opinion Evidence*

Plaintiff contends the ALJ erred in "dismissing" the opinion of Dr. Baker as unsupported by the record.[5] ECF No. 20 at 5. She further argues the ALJ misstated or mischaracterized evidence regarding Plaintiff's memory loss in giving little weight to Dr. Baker's opinion Plaintiff exhibited "obvious" work-related limitation in function due to her mental condition of memory loss. *Id.*; *see* R. at 392.

An ALJ is "required to give 'controlling weight' to opinions proffered by a claimant's treating physicians so long as the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the

---

[4] Plaintiff also argues her activities of daily living are applicable to the Magistrate's findings regarding her subjective complaints. As both arguments concern activities undertaken by Plaintiff, the court will address both here.

[5] Although Plaintiff appears to have disputed the ALJ's decision regarding the weight given to other physicians' opinions before the Magistrate Judge, her objections only address Dr. Baker's opinion.

6

claimant's case record." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). However, "[b]oth Social Security regulations and our case law establish that a treating physician's opinion is to be accorded comparatively less weight if it is based on the physician's limited knowledge of the applicant's condition or conflicts with the weight of the evidence." *Meyer v. Colvin*, 754 F.3d 251, 256 (4th Cir. 2014). In this case, the ALJ gave little weight to Dr. Baker's opinion because it was "internally inconsistent with the evidence of record, including limited treatment notes showing that the claimant's mental impairments were well controlled when she was compliant with the use of prescribed medication." R. at 31.

It is apparent the ALJ considered Plaintiff's treatment records when evaluating Dr. Baker's opinion. However, she found the opinion unavailing because of the inconsistency with the evidence of record and Plaintiff's ability to care for herself. The court also notes the lack of substantive rationale in support of the limitations Dr. Baker believed were "obvious," in either the "comments on this patient's work-related limitations" or the "remarks" sections. R. at 392. Dr. Baker failed to articulate what work-related limitations Plaintiff may face, or accommodations that could assist her on the job. The court finds this distinguishes the instant case from *Lewis*, where the plaintiff's treating physicians submitted opinions with specific limitations relating to the plaintiff's work-related abilities and the justification for same. *See Lewis*, 858 F.3d at 867-68. In addition, the *Lewis* plaintiff's two treating physicians' opinions were consistent with each other and with the non-treating sources, all finding work-related limitations necessary. *Id.* at 868. In this

case there is no such corroboration of Dr. Baker's opinion,[6] and the ALJ explained her reasons for the weight given.

The Magistrate Judge determined the "decision does not reflect the ALJ improperly considered and analyzed the opinion of treating physician Dr. Baker in conjunction with the record and evidence in this case as a whole." ECF No. 16 at 24. This court agrees and will not disturb the weight assigned to this medical opinion. *See Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has failed to give a sufficient reason for the weight afforded a particular opinion." (*citing Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992) *and* 20 C.F.R. § 404-1527(d)).

## **Conclusion**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 27, 2018

---

[6] In fact, as the Magistrate Judge notes, the ALJ's position in discounting Dr. Baker's opinion is supported by the findings by consulting psychologist Dr. DePace, who interviewed Plaintiff "extensively" and administered testing. *See* ECF No. 16 at 23-24.